FILED JS
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY 06 FEB 27 AM 11: 09
AT LOUISVILLE

ANTHONY GARGOTTO            )
                           )      Civil Action No. 3:04CV-613-MO
        PLAINTIFF          )
                           )
v.                         )
                           )
HOME DEPOT U.S.A., INC., ET AL.   )
                           )
        DEFENDANTS         )
                           )

---

## TENDERED JURY INSTRUCTIONS OF DEFENDANT, HOME DEPOT U.S.A., INC.

* * * * *

Comes now the defendant, Home Depot U.S.A., Inc., by counsel, and, pursuant to FRCP 51, tenders the following jury instructions. The defendant, Home Depot U.S.A., Inc., by counsel, respectfully reserves the right to tender amended or supplemental jury instructions at the close of the evidence.

1.    If you are satisfied from the evidence that:

      (a)    The fire extinguisher was in an unstable condition on October 4, 2003 before the accident; and

      (b)    That The Home Depot knew or had sufficient information from which in the exercise of ordinary care it should have realized that the fire extinguisher was in an unstable condition; and

      (c)    In the exercise of ordinary care, The Home Depot should have realized that such unstable condition, if any, involved an unreasonable risk of injury to persons lawfully on the premises, including the plaintiff, Anthony Gargotto; and

(d)     That the plaintiff, Anthony Gargotto, would not discover the unstable condition, if any, or realize the risk:

you will find in favor of the plaintiff, Anthony Gargotto.  Otherwise, you will find in favor of the defendant, Home Depot U.S.A., Inc., and enter Verdict Form A and return to the Courtroom.

2.     It was the duty of the plaintiff, Anthony Gargotto, to exercise ordinary care for his own safety.  If you are satisfied from the evidence that the plaintiff, Anthony Gargotto, failed to comply with this duty and that such failure, if any, was a substantial factor in causing the accident of October 4, 2003, then you will determine from the evidence and state in Verdict Form B what percentages of fault and causation were attributable to the plaintiff, Anthony Gargotto, and to the defendant, Home Depot U.S.A., Inc., as follows:

| | | |
|---|---|---|
| Plaintiff, Anthony Gargotto | _____ | % |
| Defendant, Home Depot U.S.A., Inc. | _____ | % |
| Total | 100 | % |

3.     If you find for the plaintiff, Anthony Gargotto, under Verdict Form B, then you will determine from the evidence such a sum of money as will fairly and reasonably compensate him for any of the following items of damage which you may believe from the evidence were sustained directly by reason of the accident of October 4, 2003:

(a)     Medical expenses, not to exceed
$_____, the
amount claimed by the plaintiff;

(b)     Lost wages during such time, if any,
that it was medically necessary for the
plaintiff to be off work, not to exceed

$_____,
the amount claimed by the plaintiff;

(c)   Pain and suffering, not to
exceed $_____,
the amount claimed by the plaintiff.

Verdict Form C should be used for damages.

4.   As used in these instructions, "ordinary care" means that degree of care which a reasonably prudent person would exercise under similar circumstances.

5.   Your verdict must be unanimous. Only your foreperson, whom you shall elect, need sign the relevant verdict forms.

## **VERDICT FORM A**

We, the jury, find for the defendant, Home Depot U.S.A., Inc.

_____
Foreperson

## **VERDICT FORM B**

We, the jury, find both the plaintiff, Anthony Gargotto, and the defendant, Home

Depot U.S.A., Inc., at fault and determine the percentages of fault and causation as follows:

| | | |
|---|---|---|
| Plaintiff, Anthony Gargotto | _____ | % |
| Defendant, Home Depot U.S.A., Inc. | _____ | % |
| Total | 100 | % |

_____
Foreperson

## **VERDICT FORM C**

We, the jury, find the damages of the plaintiff, Anthony Gargotto, as follows:

    (a)    Medical expenses, not to exceed
$_____, the
amount claimed by the plaintiff    $_____

    (b)    Lost wages during such time, if any,
that it was medically necessary for the
plaintiff to be off work, not to exceed
$_____,
the amount claimed by the plaintiff    $_____

    (c)    Pain and suffering, not to
exceed $_____,
the amount claimed by the plaintiff    $_____

_____
Foreperson

BOEHL STOPHER & GRAVES, LLP

Robert E. Stopher
AEGON Center, Suite 2300
400 West Market Street
Louisville, KY 40202
Phone: (502) 589-5980
Fax: (502) 561-9400
COUNSEL FOR DEFENDANT,
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was faxed and mailed to the following

this 27th day of February, 2006:

Ms. Linda B. Sullivan
242 South Hanover Avenue
Lexington, KY  40502

COUNSEL FOR DEFENDANT,
HOME DEPOT U.S.A., INC.