UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| ANTHONY GARGOTTO | ) |
| | ) |
| PLAINTIFF | ) Civil Action NO. 3:04CV-613-S |
| | ) |
| V. | ) |
| | ) |
| HOME DEPOT, U.S.A., INC., ET AL. | ) |
| | ) |
| DEFENDANTS | ) |

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Comes Plaintiff and for HIS COMPLIANCE WITH THE Order of this Court of February 28, 2006, submits the following proposed jury instructions

1. EVIDENCE

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

2. WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

3. SPOLIATION/DESTRUCTION OF EVIDENCE

Gargotto contends that Home Depot at one time possessed information as to who placed the fire extinguisher in the store; that Home Depot installed the fire extinguisher when their own policies state that local companies are not to install their own extinguishers; the identity of who, if anyone, made the required monthly visual inspection of the fire extinguisher as required by their own policies; the location of any sign or decal indicating the location of the subject fire extinguisher; the identity of the person who replaced the fire

1

extinguisher after Gargotto's injury; the identity of the individual who should have walked the aisle where the subject fire extinguisher was and the documents signed by that individual; and whether there were any other fire extinguishers placed the same as the one involved in the injury to Gargotto. However, Home Depot contends that this evidence either never existed, was not in its possession, or it does not now have this information.

You may assume that such evidence would have been unfavorable to Home Depot only if you find by a preponderance of the evidence that:

1. Home Depot intentionally destroyed or caused the evidence to be destroyed; and
2. Home Depot destroyed the evidence or caused the evidence to be destroyed in bad faith.

4. BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

5. DEPOSITION AS SUBSTANTIVE EVIDENCE

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Dr. Paul Sherman, which was taken on December 29, 2005, is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness hd been present to testify.

6. DEFENSE

Home Depot asserts as a defense that it was not negligent in the hanging of the

fire extinguisher. Home Depot has the burden of proving the absence of negligence because Home Depot invited the injured customer, Anthony Gargotto, to its business premises.

7. LIABILITY OF CORPORATIONS

Under the law, a corporation is a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

8. PLAINTIFF'S CLAIM FOR PERSONAL INJURY

Anthony Gargotto claims damages for personal injury alleged to have been suffered as a result of Home Depot's negligence.

In order to prove the essential elements of Gargotto's claim, the burden is on Gargotto to establish by a preponderance of the evidence the following facts:

First, that the condition of the fire extiguisher created an unsafe condition; and

Second, that Home Depot's negligence was a proximate cause of some injury and consequent damage sustained by Gargotto.

9. DAMAGES FOR PAIN AND SUFFERING

You may award damages for any bodily injury that the Plaintiff sustained and any pain and suffering that the Plaintiff experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

10. DAMAGES FOR MEDICAL EXPENSES

If your verdict is for Plaintiff it should include the reasonable expense of medical care and treatment necessarily or reasonably obtained by Plaintiff.

11. FINANCIAL LOSS

If you should find that Plaintiff is entitled to a verdict, in arriving at the amount of the award, you should include:

First, the reasonable value of the time, if any shown by the evidence in the case to have been necessarily lost up to date by Plaintiff since the injury, because of being unable to pursue Plaintiff's occupation, as a proximate result of the injury. In determining this amount, you should consider any evidence of Plaintiff's earning capacity, his earnings, and the manner in which Plaintiff ordinarily occupied his time before the injury, and find what Plaintiff was reasonable certain to have earned during the time so lost, had Plaintiff not been injured;

Second, the reasonable cost of Plaintiff having to pay others for construction on his home, which work Plaintiff would have ordinarily performed himself had he not been so injured.

12. LOSS OF CONSORTIUM

If your verdict is for Plaintiff, it should include any loss Plaintiff has suffered by reason of his Wife's loss of Plaintiff's services, comfort, society and attentions.

Respectfully Submitted,

*[signature]*

LINDA B. SULLIVAN
242 South Hanover Avenue
Lexington, KY 40502
Telephone: 859 258 2987
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Plaintiff's Proposed Jury Instructions was served by mailing a true copy this 21st day of June, 2006, to:

Hon. Robert E. Stopher
AEGON Center, Suite 2300
400 West Market Street
Louisville, KY 40202

_____
LINDA B. SULLIVAN